## HERMAN LASKEN, Appellant, v. TODD LAND COMPANY, a Corporation, and C. B. Little, Respondents.

(217 N. W. 674.)

**Vendor and purchaser — burden is upon purchaser to show deprivation of, or exclusion from, possession.**

1. In an action by the purchaser of real estate to recover damages for the failure of the vendors to deliver possession, it is held that the burden of proof was upon the plaintiff to establish that he had been deprived of, or was excluded from, possession.

**Evidence — in instant case plaintiff did not sustain burden of proof.**

2. The evidence is examined, and it is held that the plaintiff did not sustain the burden of proof.

Opinion filed February 1, 1928. Rehearing denied February 24, 1928.

Constitutional Law, 12 C. J. § 177 p. 760 n. 57; § 220 p. 787 n. 96; § 222 p. 795 n. 33. Electricity, 20 C. J. § 23 p. 321 n. 39. Statutes, 36 Cyc. p. 1133 n. 91. Vendor and Purchaser, 39 Cyc. p. 2099 n. 50; p. 2102 n. 68.

Appeal from the District Court of Burleigh County, *Coffey,* J. Affirmed.

*C. F. Kelsch* and *Milton K. Higgins,* for appellant.

"A written contract for the sale of land cannot be modified by an unexecuted oral agreement as to performance." Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088.

"Oral conversations between parties are inadmissible to show a modification of written contract to sell land." McCulloch v. Bauer, 24 N. D. 109, 139 N. W. 318.

"A presumption of prejudice arises from error." McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685.

Evidence of special damages is admissible where they are properly pleaded. Shoemaker v. Sonju, 15 N. D. 519, 108 N. W. 42.

The construction of written contracts, offered and received in evidence, is a question of law for the court. It is the duty of the court to construe them and to state to the jury their terms and legal effect, and it is error for the court to submit to the jury the question of construction of written contracts. 38 Cyc. 1522; Aultman v. Runck, 23 N. D. 579, 137 N. W. 831.

"A waiver of a material clause of a contract must, in order to be relied upon, be specially pleaded." J. I. Case Threshing Mach. Co. v. Loomas, 31 N. D. 27, 153 N. W. 479; Wynn v. Coonen, 31 N. D. 160, 153 N. W. 980.

"A written contract for the sale of real estate cannot be modified by an unexecuted oral agreement, although the modification pertains only to the performance of the contract." Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088.

"An oral alteration of a written contract, that is definite in all of its terms is not binding unless the contract as changed. has been executed." Annis v. Burnham, 15 N. D. 577, 108 N. W. 549.

The answer cannot be so amended as to plead an entirely new and different defense than that relied upon at the trial of the action. Barker v. More Bros. 18 N. D. 82, 118 N. W. 823.

*Zuger & Tillotson,* for respondents.

A waiver, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be

such as to estop a party from insisting on performance of the contract or forfeiture of the condition. 27 R. C. L. 910.

"Time, even where made essential, is not conclusive in equity as it is at law, but a party may show that it has ceased to be essential." Ibid.

PER CURIAM. On October 12, 1920, the plaintiff, Herman Lasken, entered into a contract with the defendants to purchase from the latter certain lots in the city of Bismarck. He was to pay therefor $30,000, $500 to be paid at the time of the signing of the contract, $4,500 on or before January 1, 1921, $5,000 on or before June 1, 1921, and $4,000 on or before the first day of June in each year thereafter, with interest at seven per cent from date. The contract recites that it was understood that until default the party of the second part should have possession of the premises. The plaintiff made the initial payment of $500. At the time the contract was made the lots were in the possession of a lessee whose term had expired and who was the owner of the improvements. The plaintiff was a tenant of this lessee in one of such buildings. Subsequent to the making of the contract the matter of possession was discussed somewhat between the plaintiff and the defendant Little. The plaintiff told Little that he had heard from others that Patterson, the lessee whose lease had expired, claimed to have a lease on the property and that he would not move off for some time to come. He did not get this from Patterson but from other sources. Little told him that Patterson had had a lease but that the lease had expired and that he should not worry about it. Later he went again to Little's office and complained that he was paying interest and taxes and had no property. Little asked if Patterson had moved the buildings off, to which plaintiff replied "I guess not, they are still on there;" whereupon Little called Patterson by telephone and talked with his attorney. Notice to vacate, dated December 18, 1920, was served upon Patterson and he in turn immediately served notice on the plaintiff to vacate the building occupied by him by the first of the following February. The notice the defendants served upon Patterson advised him of the terms of his lease, that he was a tenant by sufferance and that questions of removal of buildings, ground rent or rent of buildings must be taken up with the purchaser Lasken, the plaintiff in this case; also, that he (Patterson) would be holden for any costs or expenses in obtaining possession or in

56 N. Dak.—31.

the removal of buildings which might be incurred by Lasken and recoverable against Little or the Todd Land Company. The notice given by Patterson was a simple notice to vacate the building occupied by Lasken and deliver possession on the first day of February, 1921. Thereafter, on January 3, 1921, the plaintiff and the defendant Little entered into a supplementary contract, mutually agreeing that the $5,000 payment due on the first of June, 1921 should be extended for a period of six months and that each installment falling due thereafter should mature six months after the date of maturity specified in the original contract, the extension being made on the express condition that the plaintiff, before the first of June, 1921, shall have begun the erection and construction of a building to cost not less than $12,000. On the following day, January 4, 1921, a settlement was had between the plaintiff and the defendant Little, evidenced by the following receipt:

"January 1, 1921.

| | | | | |
|---|---|---|---|---|
| Jan. 1 | Payment on Contract purchase of lots 16–17–18 Bk. 46 OP ............ | $4500.00 | | |
| Jan. 1 | Interest on 29500 dollars for 80 days at 7 % ..................... | $458.88 | | |
| Jan. 1 | Rent for store in Patterson building for 3 months @ $85 ............. | $255.00 | | |
| Jan. 1 | Amt. of rent for lots used by Patterson @ $350 per ................ | | $1050.00 | |
| | | | $1050.00 | |
| | Balance due ........................... | | | $4163.88 |

"This settlement clears up all payments of interest and principal to and including Jan. 1, 1921 and pays store rent to and including Feb. 1, 1921 and leaves a balance due on contract of $25,000.

"Received and accepted Jan. 4, 1921. C. B. Little."

It will be seen that in the settlement statement the plaintiff allowed himself to be charged with three months' rent for the building occupied by him and stipulated that the rent thereon was paid to and including February 1st; also, to be credited with three months' rent on the whole property at $350 per month. The plaintiff testified that he had ac-

tually vacated the building occupied by him several days prior to the making of the supplementary contract and the settlement above referred to. There is evidence that the plaintiff was negotiating or desired to negotiate with Patterson for the purchase of the improvements on the premises and that the defendants were willing to terminate Patterson's tenancy and place the plaintiff in possession upon his demand. The plaintiff took possession sometime in April, 1921 and brings this action to recover damages for the failure of the defendants to deliver possession prior to April 11, 1921, asking for both the reasonable value of the use of the premises and special damages on account of the inability to earlier commence the construction of a contemplated improvement. From a judgment in favor of the defendants entered upon a verdict of the jury and from an order denying the plaintiff's motion for a new trial, the plaintiff has appealed.

The specifications of error are concerned largely with the admission and exclusion of testimony and with the instructions of the court to the jury; but, owing to the view we take of the case, it is unnecessary to consider these assignments. The plaintiff admits that he voluntarily quit possession of the premises more than a month before he was required had he heeded Patterson's notice and that he remained out of possession although he had settled with the defendant Little on the basis of his having paid the rent for the month of January. Manifestly, he could not decline to enjoy a possession that was rightfully his and at the same time recover damages of the defendant for being excluded from possession. While this applies generally, it is peculiarly applicable here as to that portion of the premises which the plaintiff had occupied prior to the making of the contract. The plaintiff testified that he paid no rental for that portion of the premises after the making of the first contract in October, 1920, which affords some indication that his right to possession under the contract was not seriously disputed by anyone. It is true that in the January settlement he was charged with three months' rental or rent to February 1st, and that this charge was more than offset by a credit of ground rental for three months. The notice served upon him by Patterson, being a simple notice to yield possession, might well, so far as this record discloses, have been a necessary step in severing the contract relations between Patterson and the plaintiff so as to enable Patterson to exercise, as against the

plaintiff, the right of removal of the buildings. All of the discussion about possession, which concerned the plaintiff, the defendant Little and Patterson, was had prior to the settlement and supplementary contract in January. Very soon after this settlement the defendant Little went away and was absent until some time in April. Upon his return the plaintiff spoke to him with reference to a claim for damages. It is contended that the plaintiff then asserted his claim against the defendants, while the defendant Little testifies that the claim under discussion at that time was one that the plaintiff was asserting against Patterson. The plaintiff, though he testifies that he voluntarily relinquished possession in December, nowhere shows that he ever attempted to take possession, as he might rightfully have done, until about the 11th of April. There is no evidence that the defendants ever received any rental between January 1st and the time when the plaintiff took possession, nor is there any evidence that any third person was in possession, nor that the plaintiff was excluded from possession. The nearest approach to testimony that the plaintiff was excluded from possession is found in his statement about the conversation he had with Little on the latter's return, in which he says that he had not yet gotten possession. For aught that appears in this record, he might have had possession at any time after the 4th of January, the date of the settlement. The burden of proof was upon the plaintiff, and, there being no evidence upon which a verdict in his favor could be based, he is not injured by a verdict for the defendants. With reference to the rulings on evidence, it is sufficient to say that no evidence offered by the plaintiff was excluded which might have had the effect of supporting a cause of action.

Judgment affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, BURR, and CHRISTIANSON, JJ., concur.